| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>---------------------------------------------------------------------------X<br>JAKWAN KELLER,<br><br>Plaintiff,<br><br>-against-<br><br>COUNTY OF NASSAU, NASSAU COUNTY PO JOHN T. GILL #8968, NASSAU COUNTY PO MATTHEW M. ANDOOS #8982, NASSAU COUNTY PO NIALL J. BOURKE # 8713, NASSAU COUNTY PO VITTORIO Z. VITALE# 8375, JOHN DOE NASSAU COUNTY POLICE OFFICERS # 1-10, INCORPORATED VILLAGE OF HEMPSTEAD, HEMPSTEAD PO BUCCELATO, SERIAL #1234, HEMPSTEAD PO ANTHONY P. ROGERS, SERIAL # 1181,HEMPSTEAD PO SHAUN P. GLEASON, SERIAL # 1242, HEMPSTEAD PO SHAYNE WELLINGTON, SERIAL # 1152,HEMPSTEAD PO KEVIN P. GALVIN, SERIAL # 1142, HEMPSTEAD PO KEITH W. CARLO, SERIAL # 1226, HEMPSTEAD PO ANTHONY COUSINS, SERIAL # 1217, HEMPSTEAD PO BUCZEK, SERIAL # 1236, HEMPSTEAD POLICE DEPARTMENT LT COOKE, SERIAL # 1111, HEMPSTEAD POLICE DEPARTMENT LT MONTERA, SERIAL # 1132, ROGER ROE HEMPSTEAD POLICE OFFICERS #10-20,<br><br>Defendants.<br>---------------------------------------------------------------------------X | COMPLAINT<br><br>Docket No.:<br><br>JURY TRIAL DEMANDED |

The Plaintiff, complaining of the Defendants, by their attorney, AMY MARION, ESQ., respectfully shows to this Court and alleges that he was deprived his civil rights and sustained injury as a result of the deprivations of his civil rights.

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, over claims arising under 42 U.S.C. § 1983.

2. Supplemental jurisdiction over Plaintiff's state law claims exists pursuant to 28

U.S.C. 1367(a).

3. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391(b), because that is the judicial district in which the claims arose, and in which the Defendants resided or conducted business.

4. Plaintiff has complied with the requirements of New York General Municipal Law Section 50-i by making and serving a notice of claim on the County Attorney of the County of Nassau within the time required by New York General Municipal Law Section 50-e. More than thirty days have elapsed since the service of that notice.

5. At the request of the Plaintiff and with the consent of the County of Nassau, Plaintiff adjourned the hearing requested pursuant to New York General Municipal Law Section 50-h. Plaintiff will submit to said hearing at the request of Defendants.

## JURY DEMAND

6. Pursuant to the Seventh Amendment of the United States Constitution, Plaintiff requests a jury trial on all issues and claims set forth in this Complaint.

## PARTIES

7. Plaintiff, Jakwan Keller is a resident of Nassau County in the State of New York

8. The individually named Nassau County Defendants were at all times employed by the County of Nassau as Nassau County Police Officers at all times relevant and pertinent to Plaintiff's compliant.

9. At all times relevant to this complaint, Nassau County Defendants were duly appointed and acting police officers of the Nassau County Police Department acting under color of state law, within the scope of their employment, pursuant to the statutes, ordinances, regulations, policies, customs and usage of the County of Nassau and the State of New York.

10. The individually named Incorporated Village of Hempstead Defendants were at all times employed by the Incorporated Village of Hempstead as Incorporated Village of Hempstead Police Officers at all times relevant and pertinent to Plaintiff's compliant.

11. At all times relevant to this complaint, Incorporated Village of Hempstead Defendants were duly appointed and acting police officers of the Incorporated Village of Hempstead acting under color of Village Code, Rules, Regulations, state law, within the scope of their employment, pursuant to the statutes, ordinances, regulations, policies, customs and usage of the Incorporated Village of Hempstead, County of Nassau and the State of New York.

12. Defendants John Doe, whose identities are currently unknown, represent those employees of the Nassau County Police Department acting within the scope of their employment, and under color of law pursuant to the statutes, ordinances, regulations, policies, customs and usage of the County of Nassau and the State of New York, who arrived at the scene or supervised the officers on the scene who assaulted Jakwan Keller, denied him immediate medical attention and/or conducted the investigation that lead to the determination that Mr. Keller was not the subject of a brutal beating.

13. Defendants Roger Roe, whose identities are currently unknown, represent those employees of the Incorporated Village of Hempstead Police Department acting within the scope of their employment, and under color of law pursuant to the statutes, ordinances, regulations, policies, customs and usage of the Incorporated Village of Hempstead, County of Nassau and the State of New York, who arrived at the scene or supervised the officers on the scene who assaulted Jakwan Keller, denied him immediate medical attention and/or conducted the investigation that lead to the determination that Mr. Keller was not the subject of a brutal beating.

14. Defendant County of Nassau is a body politic and corporate empowered to exercise home rule. The Nassau County Legislature, the County's policymaker, has delegated final policymaking authority for the supervision and control of the Nassau County Police to the duly appointed Commissioner of the Nassau County Police Department.

15. Defendant Incorporated Village of Hempstead is a body politic and corporate empowered to exercise home rule. The Incorporated Village of Hempstead as well as the Nassau County Legislature, the County's policymaker, has delegated final policymaking authority for the supervision and control of the Incorporated Village of Hempstead to the duly appointed Commissioner of the Incorporated Village of Hempstead Police Department.

## FACTS

16. On December 28, 2012, Jakwan Keller was being apprehended for Unauthorized Use of a Motor Vehicle in the parking lot of 168 North Franklin Avenue in the Incorporated Village of Hempstead, Nassau County, New York.

17. While being chased by the police, the Defendants pulled at their weapons; Defendant Rogers admits to firing two rounds at the vehicle in which Plaintiff was located.

18. Fearing for his life, Plaintiff ran to safety under a nearby van.

19. The Defendants surrounded the van, pulled Plaintiff out from under the van and began kicking, punching, and assaulting him with such violence that upon arrival at the hospital, Plaintiff's face was blown up and completely unrecognizable.

20. Video surveillance of this scene shows upwards of twenty police officers in a circle standing over Plaintiff and surrounding him while he is being beaten.

**Nassau County's Custom, Policy and Practice of Unconstitutional Conduct**

21. The unconstitutional and tortious acts of the defendant officers were not isolated incidents.

22. Nassau County Police Department has a custom, policy, pattern and practice in beginning years before this beating of Plaintiff and continuing throughout this incident, of condoning, ratifying and acquiescing in the practice of the use of excessive force and covering up this unconstitutional misconduct.

23. Nassau County Police policymakers were on notice of, but deliberately indifferent to these unconstitutional customs, policies and practices.

24. By the time of Plaintiff's beating, supervisors and policy makers of Nassau County Police were on notice of, and specifically knew, that the Nassau County Police Department Officers had engaged in unjustified and unlawful use of excessive force and had failed to investigate this finding, and failed to discipline and train its officers.

25. Upon information and belief, the Nassau County Police Department, and its policymakers, as well as the individual supervisors in this case, failed to train or supervise investigators to ensure they complied with constitutional requirements in the proper use of force and the proper use of weapons, and in obtaining immediate medical attention for the injured, and in conducting a proper and complete Internal Affairs investigation into the misconduct.

26. Upon information and belief, the Nassau County Police Department, through its final policymakers, failed to adequately screen, supervise, and/or discipline detectives, officers, and investigators.

**The Incorporated Village of Hempstead's Custom, Policy and Practice of Unconstitutional Conduct**

27. The unconstitutional and tortious acts of the defendant officers were not isolated incidents.

28. The Incorporated Village of Hempstead's Police Department has a custom, policy, pattern and practice in beginning years before this beating of Plaintiff and continuing throughout this incident, of condoning, ratifying and acquiescing in the practice of the use of excessive force and covering up this unconstitutional misconduct.

29. The Incorporated Village of Hempstead's policymakers were on notice of, but deliberately indifferent to these unconstitutional customs, policies and practices.

30. By the time of Plaintiff's beating, supervisors and policy makers of The Incorporated Village of Hempstead were on notice of, and specifically knew, that The Incorporated Village of Hempstead Police Department Officers had engaged in unjustified and unlawful use of excessive force and had failed to investigate this finding, and failed to discipline and train its officers.

31. Upon information and belief, The Incorporated Village of Hempstead's Police Department, and its policymakers, as well as the individual supervisors in this case, failed to train or supervise investigators to ensure they complied with constitutional requirements in the proper use of force and the proper use of weapons, and in obtaining immediate medical attention for the injured, and in conducting a proper and complete Internal Affairs investigation into the misconduct.

32. Upon information and belief, The Incorporated Village of Hempstead's Police Department, through its final policymakers, failed to adequately screen, supervise, and/or discipline detectives, officers, and investigators.

## DAMAGES

33. The Defendants' unlawful, negligent, intentional, willful, purposeful, deliberately indifferent, reckless, bad-faith and/or malicious acts, misdeeds and omissions caused Plaintiff's conscious pain and suffering, permanent injuries, and caused the negligent and/or intentional infliction of emotional harm.

34. As a direct and proximate result of the acts of the Defendants, the injuries and damages sustained by Plaintiff from the deprivation of their civil rights include: violation of clearly established rights under the Fourth and Fourteenth Amendments to the United States Constitution; personal injuries; pain and suffering; severe mental anguish; emotional distress; extreme fear; and denial of medical care.

35. All the alleged acts, misdeeds and omissions committed by the individual Defendants described herein for which liability is claimed were done negligently, intentionally, willfully, purposefully, knowingly, unlawfully, maliciously, wantonly, recklessly, and/or with bad faith, and said proscribed conduct of the individual Defendants meets all of the standards for imposition of punitive damages.

36. Damages are in the amount to be determined at trial but are in excess of One Hundred and Fifty Thousand ($150,000.00) Dollars exclusive of interest and costs.

## FEDERAL CLAIMS

## COUNT I

**42 U.S.C. § 1983 – Excessive Use of Force as to County of Nassau**

37. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

38. The accusations of wrongful actions against Plaintiff were false and an attempt to cover up the beating of Plaintiff which had been inflicted by the Defendants.

39. The beating of Plaintiff by Defendants constituted unreasonable and excessive force by police officers. Such actions were intentional, negligent, reckless, careless, unreasonable and unauthorized, as Defendants had a duty to not subject Plaintiff to vicious police actions, and failed to prevent same and breached their duty. This summary punishment and wrongful seizure was in violation of Plaintiff's rights as guaranteed under the United States Constitution.

40. As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff was seriously injured, and was subjected to great fear, terror, personal humiliation and degradation, and suffered great physical pain and impairment, mental and emotional distress, all as a result of the aforesaid unlawful conduct of Defendants.

41. That by reason of the foregoing, Plaintiff suffers and continues to suffer irreparable injury and monetary damages as set forth above.

## COUNT II

**42 U.S.C. § 1983 – Excessive Use of Force as to Incorporated Village of Hempstead**

42. Plaintiff repeats and re-alleges each and every allegation contained in the previous paragraphs of this Complaint with the same force and effect as though fully set forth herein.

43. The accusations of wrongful actions against Plaintiff were false and an attempt to cover up the beating of Plaintiff which had been inflicted by the Defendants.

44. The beating of Plaintiff by Defendants constituted unreasonable and excessive force by police officers. Such actions were intentional, negligent, reckless, careless, unreasonable and unauthorized, as Defendants had a duty to not subject Plaintiff to vicious police actions, and failed to prevent same and breached their duty. This summary punishment and wrongful seizure was in violation of Plaintiff's rights as guaranteed under the United States Constitution.

45. As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff was seriously injured, and was subjected to great fear, terror, personal humiliation and degradation, and suffered great physical pain and impairment, mental and emotional distress, all as a result of the aforesaid unlawful conduct of Defendants.

46. That by reason of the foregoing, Plaintiff suffers and continues to suffer irreparable injury and monetary damages as set forth above.

## COUNT III

**42 U.S.C. § 1983 *Monell* Claim as to County of Nassau for Unconstitutional Custom or Policy and Failure to Supervise and Train**

47. Plaintiff repeats and realleges each and every allegation contained in the previous paragraphs of this Complaint with the same force and effect as though fully set forth herein.

48. Prior to December 30, 2012 and since, the County of Nassau, by and through its final policymakers, had in force and effect a policy, practice or custom of subjecting individuals to excessive force, and of creating a paper trail to justify unjustified assaults by its officers.

49. The County of Nassau has systemically failed adequately to train its police officers, detectives and investigators not to unlawfully detain individuals, failed to train in the proper use of force, to ensure that suspects would not be subjected to excessive force.

50. The County of Nassau, by and through its final policymakers, failed to adequately discipline their police officers for failing to lawfully detain individuals and for failing to ensure that suspects would not be subjected to excessive force.

51. Though it was foreseeable that constitutional violations of the type Plaintiff suffered would be a predictable result of such failures, Defendants did not rectify the problem, did not investigate, and did not institute better training programs, did not institute proper disciplinary procedures, and wholly lacked in their responsibilities to insure that their officers were acting in a constitutionally justified manner, understood what their responsibilities were to act in such manner, were trained to act in such a constitutionally proper way and were disciplined if they did not act as required.

52. As set forth above, final policymakers for the County of Nassau had actual or constructive notice of such failures to train, supervise and provide policy to its employees, and failed to provide training or supervision despite an obvious need that such training and

supervision was required, where Defendants knew that it was foreseeable that detectives, officers, and investigators would predictably confront these situations and as a result of the failure to train and supervise, constitutional violations would result.

53. Such failures to train, supervise and discipline, and such unconstitutional municipal customs, practices and/or policies, amounted to deliberate indifference to the constitutional rights of individual suspects like Plaintiff and caused Plaintiff to suffer this unjustified beating and all the ongoing injuries and damages set forth above.

## COUNT IV

### 42 U.S.C. § 1983 *Monell* Claim as to Incorporated Village of Hempstead for Unconstitutional Custom or Policy and Failure to Supervise and Train

54. Plaintiff repeats and re-alleges each and every allegation contained in the previous paragraphs of this Complaint with the same force and effect as though fully set forth herein.

55. Prior to December 30, 2012 and since, the Incorporated Village of Hempstead, by and through its final policymakers, had in force and effect a policy, practice or custom of subjecting individuals to excessive force, and of creating a paper trail to justify unjustified assaults by its officers.

56. The Incorporated Village of Hempstead has systemically failed adequately to train its police officers, detectives and investigators not to unlawfully detain individuals, failed to train in the proper use of force, to ensure that suspects would not be subjected to excessive force.

57. The Incorporated Village of Hempstead, by and through its final policymakers, failed to adequately discipline their police officers for failing to lawfully detain individuals and for failing to ensure that suspects would not be subjected to excessive force.

58. Though it was foreseeable that constitutional violations of the type Plaintiff suffered would be a predictable result of such failures, Defendants did not rectify the problem,

did not investigate, and did not institute better training programs, did not institute proper disciplinary procedures, and wholly lacked in their responsibilities to insure that their officers were acting in a constitutionally justified manner, understood what their responsibilities were to act in such manner, were trained to act in such a constitutionally proper way and were disciplined if they did not act as required.

59. As set forth above, final policymakers for the Incorporated Village of Hempstead had actual or constructive notice of such failures to train, supervise and provide policy to its employees, and failed to provide training or supervision despite an obvious need that such training and supervision was required, where Defendants knew that it was foreseeable that detectives, officers, and investigators would predictably confront these situations and as a result of the failure to train and supervise, constitutional violations would result.

60. Such failures to train, supervise and discipline, and such unconstitutional municipal customs, practices and/or policies, amounted to deliberate indifference to the constitutional rights of individual suspects like Plaintiff and caused Plaintiff to suffer this unjustified beating and all the ongoing injuries and damages set forth above.

**COUNT V**

**42 U.S.C. § 1983 Supervisory Liability as to County of Nassau**

61. Plaintiff repeats and re-alleges each and every allegation contained in the previous paragraphs of this Complaint with the same force and effect as though fully set forth herein.

62. Supervisory police officers, acting deliberately, recklessly and under color of law, were, at the relevant times, supervisory personnel with the Nassau County Police Department with oversight responsibility for training, hiring, screening, instruction, supervision and

discipline of police officer Defendants who deprived Plaintiff of his clearly established constitutional rights.

63. Supervisory police officers were personally involved in both the deprivation of Plaintiff's constitutional rights and in creating or condoning the policy or custom of failing to take preventative and remedial measures to guard against such constitutional deprivations.

64. Supervisory police officers were reckless in their failure to supervise police officer Defendants, and either knew or should have known that defendant officers were using excessive force and that such acts were so egregious that said supervisors should have known that such conduct would occur.

65. These supervisory Defendants knew or in the exercise of due diligence would have known that the conduct of the named and John Doe Defendants against Plaintiff was likely to occur.

66. The failure of these supervisory Defendants to train, supervise and discipline the named individual Defendants and John Does amounted to gross negligence, deliberate indifference or intentional misconduct which directly caused the injuries and damages set forth above.

## COUNT VI

### 42 U.S.C. § 1983 Supervisory Liability as to Incorporated Village of Hempstead

67. Plaintiff repeats and re-alleges each and every allegation contained in the previous paragraphs of this Complaint with the same force and effect as though fully set forth herein.

68. Supervisory police officers, acting deliberately, recklessly and under color of law, were, at the relevant times, supervisory personnel with the Incorporated Village of Hempstead with oversight responsibility for training, hiring, screening, instruction, supervision and

discipline of police officer Defendants who deprived Plaintiff of his clearly established constitutional rights.

69. Supervisory police officers were personally involved in both the deprivation of Plaintiff's constitutional rights and in creating or condoning the policy or custom of failing to take preventative and remedial measures to guard against such constitutional deprivations.

70. Supervisory police officers were reckless in their failure to supervise police officer Defendants, and either knew or should have known that defendant officers were using excessive force and that such acts were so egregious that said supervisors should have known that such conduct would occur.

71. These supervisory Defendants knew or in the exercise of due diligence would have known that the conduct of the named and Roger Roe Defendants against Plaintiff was likely to occur.

72. The failure of these supervisory Defendants to train, supervise and discipline the named individual Defendants and Roger Roes amounted to gross negligence, deliberate indifference or intentional misconduct which directly caused the injuries and damages set forth above.

## COUNT VII

### 42 U.S.C. § 1983 Failure to Intervene as to County of Nassau

73. Plaintiff repeats and re-alleges each and every allegation contained in the previous paragraphs of this Complaint with the same force and effect as though fully set forth herein.

74. That the Plaintiff's rights have been violated under the Fourth and Fourteenth Amendments to the United States Constitution by the individual Defendants.

75. That there exists a duty for defendant police officers to intervene to prevent the preventable violation of civil rights taking place in their presence when there is a reasonable opportunity to do so.

76. That such opportunity existed for the Defendants in the instant case.

77. That the Defendants, by failing in their affirmative duty to intervene are responsible for the violations of the Plaintiff's Fourth and Fourteenth Amendment rights.

78. That by reason of the unlawful assault of the Defendants caused and the Plaintiff suffered injuries and damages as set forth above.

## COUNT VIII

**42 U.S.C. § 1983 Failure to Intervene as to Incorporated Village of Hempstead**

79. Plaintiff repeats and re-alleges each and every allegation contained in the previous paragraphs of this Complaint with the same force and effect as though fully set forth herein.

80. That the Plaintiff's rights have been violated under the Fourth and Fourteenth Amendments to the United States Constitution by the individual Defendants.

81. That there exists a duty for defendant police officers to intervene to prevent the preventable violation of civil rights taking place in their presence when there is a reasonable opportunity to do so.

82. That such opportunity existed for the Defendants in the instant case.

83. That the Defendants, by failing in their affirmative duty to intervene are responsible for the violations of the Plaintiff's Fourth and Fourteenth Amendment rights.

84. That by reason of the unlawful assault of the Defendants caused and the Plaintiff suffered injuries and damages as set forth above.

## STATE LAW CLAIMS

## COUNT IX

## Assault and Battery as to County of Nassau

85. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

86. That the Defendants committed an assault on the Plaintiff by stomping upon, kicking and hitting Plaintiff and causing him to be in apprehension of an imminent harmful and offensive touching and in so doing Defendants violated the laws and Constitution of the State of New York and otherwise violated Plaintiff's rights under New York law.

87. That by reason of the assault Defendants caused and the Plaintiff suffered injuries and damages as set forth above.

## COUNT X

## Assault and Battery as to Incorporated Village of Hempstead

88. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

89. That the Defendants committed an assault on the Plaintiff by stomping upon, kicking and hitting Plaintiff and causing him to be in apprehension of an imminent harmful and offensive touching and in so doing Defendants violated the laws and Constitution of the State of New York and otherwise violated Plaintiff's rights under New York law.

90. That by reason of the assault Defendants caused and the Plaintiff suffered injuries and damages as set forth above.

## COUNT XI

**Negligent Hiring, Training, Supervision and Retention as to County of Nassau**

91. Plaintiffs repeat and re-allege each and every allegation contained in the previous paragraphs of this Complaint with the same force and effect as though fully set forth herein.

92. That the Defendants, and supervisors, were negligent, careless, reckless and deliberately indifferent in hiring, retaining, properly training and supervising, as and for its employees, named Defendants herein and Defendants John Does, in that the said Defendants lacked the experience, comportment and ability to be employed by the Defendants, in that the Defendants failed to exercise due care and caution in their hiring practices, and in particular, in hiring the defendant employees who lacked the mental capacity and the ability to function as employees of the aforementioned Defendants; failing to investigate the above-named Defendants' background and in that they hired and retained as employees of the department individuals who were unqualified in that the Defendants lacked the maturity, sensibility and intelligence to be employed when hired to be employees.

93. That the defendant County of Nassau failed to train employees in the proper criteria for use of force; failed to give its officers proper instruction as to their deportment, behavior and conduct as representative of their employers; and, in that the Defendants, their agents, servants and employees were otherwise reckless, careless, deliberately indifferent and negligent.

94. That the aforesaid occurrences and resulting injuries to mind and body therefrom, were caused wholly and solely by reason of the negligence of the Defendants, their agents, servants and employees without any negligence on the part of Plaintiff.

95. That by reason of the aforesaid failures Defendants caused and the Plaintiff suffered injuries and damages as set forth above.

## COUNT XII

### Negligent Hiring, Training, Supervision and Retention as to Incorporated Village of Hempstead

96. Plaintiffs repeat and re-allege each and every allegation contained in the previous paragraphs of this Complaint with the same force and effect as though fully set forth herein.

97. That the Defendants, and supervisors, were negligent, careless, reckless and deliberately indifferent in hiring, retaining, properly training and supervising, as and for its employees, named Defendants herein and Defendants Roger Roes, in that the said Defendants lacked the experience, comportment and ability to be employed by the Defendants, in that the Defendants failed to exercise due care and caution in their hiring practices, and in particular, in hiring the defendant employees who lacked the mental capacity and the ability to function as employees of the aforementioned Defendants; failing to investigate the above-named Defendants' background and in that they hired and retained as employees of the department individuals who were unqualified in that the Defendants lacked the maturity, sensibility and intelligence to be employed when hired to be employees.

98. That the defendant Incorporated Village of Hempstead failed to train employees in the proper criteria for use of force; failed to give its officers proper instruction as to their deportment, behavior and conduct as representative of their employers; and, in that the Defendants, their agents, servants and employees were otherwise reckless, careless, deliberately indifferent and negligent.

99. That the aforesaid occurrences and resulting injuries to mind and body therefrom, were caused wholly and solely by reason of the negligence of the Defendants, their agents, servants and employees without any negligence on the part of Plaintiff.

100. That by reason of the aforesaid failures Defendants caused and the Plaintiff suffered injuries and damages as set forth above.

**WHEREFORE**, Plaintiff prays as follows:

A. That the Court award compensatory damages to them and against the Defendants, jointly and severally, in an amount to be determined at trial;

B. That the Court award punitive damages to them, and against all individual Defendants, in an amount to be determined at trial, that will deter such conduct by Defendants in the future;

C. That an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

D. For a trial by jury;

Dated: March 28, 2014
Garden City, New York

BARKET MARION EPSTEIN & KEARON, LLP

By: /s/ Amy B. Marion

Amy B. Marion, Esq.
666 Old County Road-Suite 700
Garden City, New York 11530
(516) 745-1500